Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra I Grassgreen (CA Bar No. 169978)
Robert M. Saunders (CA Bar No. 226172)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   jpomerantz@pszjlaw.com
          dgrassgreen@psjjlaw.com
          rsaunders@pszjlaw.com

[Proposed] Attorneys for William M. Lansdale
Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>WILLIAM M. LANSDALE,<br><br>Debtor | Case No.: 8:09-22982-ES<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING THE USE OF ESTATE FUNDS PURSUANT TO A BUDGET AND WAIVING RULE 6004(H); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of William M. Lansdale Filed Concurrently Herewith]<br><br>Date: December 15, 2009<br>Time: 10:30 a.m.<br>Place: Courtroom 5A<br>Judge: The Honorable Erithe Smith |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE; SECURED CREDITORS; CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS; JOANNE BOZZUTO, RECEIVER; THE VIRGIN ISLANDS BUREAU ON INTERNAL REVENUE; MARIANTHI LANSDALE; PARTIES REQUESTING SPECIAL NOTICE; AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

51372-001\DOCS_LA:210057.5

**PLEASE TAKE NOTICE** that the captioned debtor and debtor in possession (the "Debtor" or "Mr. Lansdale"), hereby moves (the "Motion") the Court, for entry of an order, pursuant to section 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing Mr. Lansdale to use property of the estate for payment of current and ongoing expenses associated with his business enterprises and his current and ongoing living expenses incurred during the pendency of this chapter 11 case (the "Case") pursuant to the budgets attached hereto collectively as **Exhibit A** (the "Budget")[1], plus a 10% variance, and waiving the requirements of Federal Rule of Bankruptcy Procedure 6004(h).

The expenses set forth in the Budget are consistent with Mr. Lansdale's historical personal and business expenses. Accordingly, Mr. Lansdale believes that the expenses set forth in the Budget are ordinary course expenses that he is authorized to pay, without court approval, pursuant to section 363(c) of the Bankruptcy Code. However, Mr. Lansdale recognizes that there may be some dispute regarding whether a particular expense is "ordinary course." Accordingly, out of an abundance of caution and a desire for full disclosure, to the extent that the Court finds that any of the expenditures in the Budget are not in the ordinary course of business, Mr. Lansdale requests authority to use property of the estate to pay such expenses in accordance with the Budget.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion and the attached Memorandum of Points and Authorities, the *Declaration of William M. Lansdale* (the "Debtor's Declaration") filed concurrently herewith, the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion. In addition, Mr. Lansdale requests that the Court take judicial notice of all documents filed with the Court in this Case.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f) any interested party opposing, joining or responding to this Motion must file written responses with the Bankruptcy Court and serve a copy of it upon the moving party and the United States Trustee, not later than 14 days before to the date designated for the hearing shown above. Pursuant to Local

---

[1] The Budget does not include professional fees which are subject to allowance by this Court.

51372-001\DOCS_LA:210057.5    2

1  Bankruptcy Rule 9013-1(h), the failure to timely file and serve written opposition may be deemed by
2  the Court to be consent to the granting of the relief requested in the Motion.

3      Mr. Lansdale will serve this Notice and Motion and the attached Memorandum of Points and
4  Authorities, and Mr. Lansdale's Declaration, on: (1) the Office of the United States Trustee, (2) the
5  creditors appearing on the list filed in accordance with Fed. R. Bankr. P. 1007(d) for Mr. Lansdale,
6  (3) any secured creditors; (4) Joanne Bozzuto, Receiver; (5) the Virgin Islands Bureau On Internal
7  Revenue; (6) Marianthi Lansdale, and (7) the parties that file with the Court and serve upon Mr.
8  Lansdale requests for notice of all matters in accordance with Bankruptcy Rule 2002(i).

9      Based upon the foregoing, Mr. Lansdale respectfully requests that the Court enter an order
10  providing the following relief: (a) authorizing Mr. Lansdale to use property of the estate for
11  payment of current and ongoing expenses associated with his business enterprises and his current
12  and ongoing living expenses up to the amounts shown in the Budget, plus a 10% variance, (b)
13  waiving the requirements of Federal Rule of Bankruptcy Procedure 6004(h); and (c) granting such
14  other and further relief as the Court deems just and proper.

15  Dated: November 22, 2009                          PACHULSKI STANG ZIEHL & JONES LLP

16  
17                                                  By  */s/ Jeffrey N. Pomerantz*
                                                        Jeffrey N. Pomerantz (CA Bar No. 143717)
                                                        Debra I Grassgreen (CA Bar No. 169978)
18                                                      Robert M. Saunders (CA Bar No. 226172)
                                                        [Proposed] Attorneys for
19                                                      William M. Lansdale, Debtor and Debtor
                                                        in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### JURISDICTION AND VENUE

The Court has jurisdiction over the Motion for Order Authorizing the Use of Estate Funds Pursuant to a Budget and Waiving Rule 6004(g) (the "Motion")[2] pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

### BACKGROUND

**A.  General Background**

On November 22, 2009 (the "Petition Date"), Mr. Lansdale filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Mr. Lansdale's continue to manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this Case.

**B.  Summary of the Budget**

Mr. Lansdale is 90-years' old. In addition to managing his household, he personally manages his mineral and real estate holdings. His monthly expenses fall into three general categories as set forth in the Budget: (1) personal living expenses; (2) business expenses; and (3) support for family and dependents. Mr. Lansdale's personal expenses (*See* **Budget A-1**) are modest and self-explanatory – they include items such as food and lodging, medical expenses, and utilities. Mr. Lansdale's business expenses (*See* **Budget A-2**) relate to the operation of oil and gas wells that generate significant income and are valuable estate assets and Mr. Lansdale's valuable real estate holdings including the Assignment Fee litigation which is described in detail in the Debtor's Declaration. Finally, in addition to expenses necessary for his support and the support of his wife – Marianthi – who is ill, Mr. Lansdale supports (modestly) his 63-year old daughter, Linda. (*See* **Budget A-3**).

---

[2] Capitalized terms not otherwise defined in this Memorandum of Points and Authorities shall have the meaning given them in the Notice of Motion and Motion.

## III.

## RELIEF REQUESTED

Mr. Lansdale requests that the Court enter an order, pursuant to section 363(b) of the Bankruptcy Code, authorizing him to use property of the estate for payment of current and ongoing expenses associated with his business enterprises and living expenses incurred during the pendency of this Case pursuant to the Budget attached hereto as **Exhibit A**, plus a 10% variance, and waiving the requirements of Federal Rule of Bankruptcy Procedure 6004(h) so that such order will be effective immediately, allowing Mr. Lansdale to pay his living expenses without an interruption.

## IV.

## ARGUMENTS AND AUTHORITIES

Section 1115 of the Bankruptcy Code provides that property of the estate includes substantially all property a debtor obtains after the filing of the case until the case is closed, dismissed or converted to a chapter 7 case. 11 U.S.C. § 1115. During the pendency of the chapter 11 case, Mr. Lansdale, therefore, will have virtually no property that is not property of the estate and will have to consume property of the estate to pay for the expenses of his business enterprise and his living expenses.

Generally, section 363(c) allows a debtor in possession to enter into transactions and to use property of the estate in the ordinary course of business, without notice or a hearing. Although nothing in the Bankruptcy Code gives debtors any guidance as to what is in the ordinary course of business for an individual debtor, it is hard to imagine any payment that is more ordinary course than the payment of expenses for (a) the support and maintenance of Mr. Lansdale and his family, (b) the maintenance of Mr. Lansdale's business enterprise that generate funds for the estate, and (c) the preservation of valuable estate assets.

Mr. Lansdale believes, therefore, that his use of property of the estate to pay the expenses set forth in the Budget is in the ordinary course of his business. However, due to the lack of guidance in the Bankruptcy Code and in case law,[3] to the extent the Court determines that any of the payments

---

[3] In the only case found that addresses the issue of what is in the ordinary course of business of the individual chapter 11 debtor, the Court notes that section 363(c) of the Bankruptcy Code authorizes the individual chapter 11 debtor "to buy bread and probably to purchase a ticket to travel to a court hearing." *In re Goldstein*, 383 B.R. 496, 499 (Bankr. C.D. Cal. 2007). In addition, section 503(b) of the Bankruptcy Code accords administrative priority only to expenses

listed on the Budget are not in the ordinary course of business, Mr. Lansdale requests this Court's approval, pursuant to section 363(b) of the Bankruptcy Code, of his use of property of the estate to pay such expense in accordance with the Budget, plus a 10% variance.

Courts typically apply a business-judgment standard in determining motions brought pursuant to section 363(b) of the Bankruptcy Code to use property outside of the ordinary course, with deference generally given to the debtor's business judgment.[4] However, there is no guidance in the Bankruptcy Code and scarcely little case law on what standard to apply (or how to apply the "business judgment standard")[5] in the case of an individual debtor's request for authority to pay living expenses.

The Court in *Goldstein* was asked to approve the employment of and the resulting payment of fees to divorce counsel for each of the debtor spouses in a jointly filed chapter 11 case. Although the Court determined that employment of divorce counsel was not in the ordinary course of the debtors' affairs and should only be approved if the employment benefited the estate and not simply for the debtors' personal benefit, it noted that "preventing a debtor from retaining counsel to get a divorce is not one of the purposes of the bankruptcy code." *Id.* Further, the Court held that employment of divorce counsel was in the best interest of the estates because it would "assist the debtors in resolving their differences in the marital dissolution and in disentangling their domestic lives during the bankruptcy proceeding." *Id.* at 502.

If preventing an individual debtor from retaining divorce counsel "is not one of the purposes of the bankruptcy code", neither is preventing the individual debtor from paying his personal living

---

necessary to preserve the "estate" as distinct from the "debtor." And when Congress amended the Bankruptcy Code to add section 1115, bringing all of a **debtor's** property into the estate, they did not make a corresponding amendment to Bankruptcy Code § 503(b) which provides administrative priority only to expenses necessary to preserve the **estate**.

[4] *See, In Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14 (BAP 9th Cir. 1988), the Bankruptcy Appellate Panel of the Ninth Circuit adopted the "business judgment" standard previously established by the Fifth Circuit in *Institutional Creditors v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223 (5th Cir. 1986), and by the Second Circuit in *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983): That is, for the debtor in possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business. *See also Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 389 90 (6th Cir. 1986); *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Channel One Communications, Inc.*, 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

[5] Application of the business judgment or the best interests of the estate standards make little sense in the determination of what living expenses an individual debtor should be allowed to pay.

1 expenses, business expenses and expenses related to preservation of the assets of the estate. In the
2 absence of any standard to direct the courts in determining which expenditures of property of the
3 estate to approve, the courts, therefore, must fashion some relief so that individual debtors can pay
4 their ongoing costs of living. Mr. Lansdale asserts that the only standard that is reasonable is a
5 business judgment standard that gives deference to Mr. Lansdale's judgment as to what expenditures
6 are reasonable under the circumstances. In this instance, Mr. Lansdale has disclosed the Budget
7 which is consistent with his average monthly prepetition expenditures. Mr. Lansdale's expenses and
8 lifestyle are not extravagant. In his judgment, the expenditures on the Budget are reasonable and
9 appropriate and to the extent the Court finds that they are not in the ordinary course of business,
10 should nonetheless be approved.

## V.

## **CONCLUSION**

Based upon the foregoing, Mr. Lansdale respectfully requests that the Court enter an Order providing the following relief: (a) authorizing Mr. Lansdale to use property of the estate for payment of current and ongoing expenses associated with his business enterprises and his current and ongoing living expenses up to the amounts shown in the Budget, plus a 10% variance for each line item, (b) waiving the requirements of Federal Rule of Bankruptcy Procedure 6004(h); and (c) granting such other and further relief as the Court deems just and proper.

Dated: November 22, 2009                PACHULSKI STANG ZIEHL & JONES LLP

By    /s/ *Jeffrey N. Pomerantz*
      Jeffrey N. Pomerantz (CA Bar No. 143717)
      Debra I Grassgreen (CA Bar No. 169978)
      Robert M. Saunders (CA Bar No. 226172)
      [Proposed] Attorneys for
      William M. Lansdale,
      Debtor and Debtor in Possession

# EXHIBIT A-1

# William Lansdale
## Monthly Expense Budget

| Expenses: | Amount |
|---|---:|
| Food & Entertainment | 900 |
| Insurance - Medical | 600 |
| Outside Services | 500 |
| Auto Expense | 300 |
| Support Staff - Residence | 3,400 |
| Utilities | 2,500 |
| Miscellaneous | 500 |
| Mortgage Payment - Primary Residence | 6,900 |
| **Total Monthly Projected Expenses** | **15,600** |

# EXHIBIT A-2

# Lansdale Company
## Monthly Business Expense Budget

| Expenses: | Amount |
|---|---:|
| **Operating Expense-Oil Wells:** | |
| Insurance - Oil Wells | 8,000 |
| Wells - Utilities | 2,600 |
| Oil Field Services | 17,400 |
| Operator Exp - Sampson | 2,400 |
| Royalty Payments | 21,100 |
| **Total Operating Expense - Oil Wells** | 51,500 |
| | |
| **General & Administrative:** | |
| Payroll | 9,200 |
| Payroll Taxes - Employer | 800 |
| ADP IRA | 900 |
| Bank Charges & Payroll Processing Fees | 200 |
| Business Permits & Licenses | 400 |
| Insurance | 4,200 |
| Office Rent | 2,200 |
| Office Expense | 500 |
| Utilities | 900 |
| Legal Fees - SCFC | 20,000 |
| Professional Fees - Accounting | 2,000 |
| **Total General & Administrative** | 41,300 |
| | |
| **Total Monthly Business Expenses** | 92,800 |

# EXHIBIT A-3

# William Lansdale
## Support Budget for Linda Lansdale

| Support Description | Amount |
|---|---|
| Mortgage Payment & HOA Dues | 2,700 |
| Medical Insurance | 500 |
| Living Allowance | 2,500 |
| **Total Monthly Support For Linda Lansdale** | **5,700** |

*NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.*

# PROOF OF SERVICE OF DOCUMENT

*I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 SANTA MONICA BLVD., SUITE 1100, LOS ANGELES, CA 90067*

*A true and correct copy of the foregoing document described as* **NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING THE USE OF ESTATE FUNDS PURSUANT TO A BUDGET AND WAIVING RULE 6004(H); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** *will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:*

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – *Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 23, 2009**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:*

☒ *Service information continued on attached page*

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL***(indicate method for each person or entity served)***:** *On **November 23, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

**Via Federal Express**
Honorable Erithe Smith
411 W. 4th Street
Santa Ana, CA 92701-4593

☒ *Service information continued on attached page*

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** *(indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 23, 2009**_ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

Joanne Bozzuto, Esq. – jbozzuto@doj.vi.gov
Maria T. Hodge, Esq. – maria@hodgefrancois.com

☐ *Service information continued on attached page*

*i declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

| | | |
|---|---|---|
| *November 23, 2009* | Rolanda Mori | /s/ Rolanda Mori |
| | | *Signature* |

51372-002\DOCS_LA:211450.1

*I.*    *TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")*

United States Trustee (SA), ustpregion16.sa.ecf@usdoj.gov

*II.*    *SERVED BY U.S. MAIL*

Debtor
William M. Lansdale
350 Ocean Avenue
Seal Beach, CA 90740

U.S. Trustee
Office of the U.S. Trustee
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-4593

**Secured Lenders**

Indymac Bank
PO Box 4045
Kalamazoo, MI 49003

JP Morgan Chase & Co
Attn: Legal Department
270 Park Avenue, 38th Floor
New York, NY 10017

**20 Largest Unsecured Creditors**
Joanne Bozzuto
VIBIR c/o Joanne E. Bozzuto
VI Department of Justice
GERS Complex, 2nd Floor
St Thomas, VI 00802

Rufus Rhoades
350 West Colorado Blvd
Suite 500
Pasadena, CA 91109

Mary Lou Narz
16222 Monterey Lane
Space 296
Huntington Beach, CA 92649

Carol A Rich (attorney for JP Morgan Chase)
c/o Dudley Clark & Chan LLP
9720 Estate Thomas (Havensight)
St. Thomas, V.I. 00802

Bradley Allen Scherer
4656 South Shore Blvd
West Palm Beach, FL 33414

Credit Department
Tiger Cased Hole-Services Inc
PO Box 91535
Long Beach, CA 90809

Credit Department
Anterra Energy Services Inc
2221 Sturgis Road, Suite E
Oxnard, CA 93030

Margaret Galbraith
Margaret Galbraith Escrow Agent
Karl and Tina Rodi Family Trust
2600 Mission Street
San Marino, CA 91108

John M. Phillips
John M Phillips Oilfield Equipment
2755 Dawson Ave
Signal Hill, CA 90755

Wayne Andrew Fenner Mullin
13331 Moorpark Street\, #233
Sherman Oaks, CA 91423

John Mullin
2033 Monterey Road
South Pasadena, CA 91030

Credit Department
TMG Transportation
PO Box 5547
Fullerton, CA 92838

Credit Department
H&H Casing Services
PO Box 129
Cypress, CA 90630
Whittier, CA 90603

Margaret Scherer
417 Primavera Way
Palm Beach, FL 33480

Margaret Galbraith
2600 Mission Street, #200
San Marino, CA 91108

51372-002\DOCS_LA:211450.1    2

Lucy Lyons
929 La Salle
Louisville, CO 80027

Credit Department
Affordable Tank Rentals
3806 Madonna Drive
Fullerton, CA 92835

John Guzman
John Guzman Crane Service
24824 Seagrove Ave
Wilmington, CA 90744

Glenarvon Behymer Jr
3316 North Elm Place
Bethany, OK 72008

Arvonne Degenfelder
2422 Duraznitas Place
Ramona, CA 92065

### Other Interested Parties

Bart F Higgins
Special Assistant Attorney General
Shields Britton & Fraser PC
5401 Village Creek Drive
Plano, TX 75093

Boyd L. Sprehn
Law Offices of John H. Benham PC
PO Box 11720
St Thomas, VI 00801

Darby N. Moses & Associates
PO Box 280186
Denver I CO 80228

Gibbons PC
One Gateway Center
Newark, NJ 07102

Internal Revenue Service
Chief SPS
Mercantil Plaza Building
2 Avenue Ponce de Leon Ave Ste 914
San Juan, PR 00818-1693

Iver Stridiron Attorney General
Virgin Islands Dept of Justice
48B-50C (8050) Kronprindsens Gade
St Thomas, VI 00802

James L Hymes III
Special Assistant Attorney General
Hymes & Zebedee PC
No. 10 Norre Gade Third Floor
St Thomas, VI 00804

c/o Carol A Rich
Dudley Clark & Chan LLP
9720 Estate Thomas (Havensight)
St Thomas, VI 00802

JP Morgan Chase & Co.
c/o Lawrence M Hill Esq.
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019

Julie Beberman
Chambers of the Hon Raymond Finch
3013 US District Court
3013 Estate Golden Rock
Christiansted, VI 00820

Maria Hodge
Hodge & Francois
1340 Taarneberg
St Thomas, VI 00802

Marianthi Lansdale
350 Ocean Avenue
Seal Beach, CA 90740

VI Bureau of Internal Revenue
Attn Director
9601 Estate Thomas
St Thomas, VI 00802

VI Bureau of Internal Revenue
Attn Tamarah Parson-Smalls,
9601 Estate Thomas
St Thomas, VI 00802

Vincent Frazer Attorney General
Virgin Islands Dept of Justice
4SB-50C (S050) Kronprindsens Gade
St Thomas, VI 00S02