# EXHIBIT A

## FINAL SETTLEMENT AGREEMENT

This Agreement is made on this 15th of November, 2002, by and among the Government of the Virgin Islands, Bureau of Internal Revenue ("Plaintiff") and The Lansdale Family Trust, Lonesome Dove Petroleum Co., a Texas corporation, ("Lonesome Dove"), Marianthi K. Lansdale, and William M. Lansdale (the "Lansdales"), the latter three of whom are collectively called "Defendants."

### RECITALS

A.  Lonesome Dove is the successor to La Isla Virgen, Inc., a Delaware corporation, which acted as a so-called "28A" corporation in the early to mid-'80s. Any reference herein to "Lonesome Dove" includes all predecessor corporations, including La Isla Virgen, Inc. and Marina Pacifica Oil Company.

B.  Plaintiff assessed a tax against Lonesome Dove, which tax ultimately resulted in litigation (the "First Action") and a final decision against Lonesome Dove, redetermining its tax liability in an amount in excess of $8 million. Prior to the execution of the Mediation Settlement Agreement discussed below and as a result of interest and penalties, Lonesome Dove's total obligation to Plaintiff exceeded the amount of the final decision from the First Action (the "Tax Debt").

C.  This Court, during the course of the First Action, appointed a receiver (the "Receiver") for the purpose of marshaling Lonesome Dove's assets in order to satisfy the Tax Debt. The Receiver is still in place and, although the Receiver has been marshaling Lonesome Dove's assets, the Receiver has not maintained Lonesome Dove's standing with the Texas Secretary of State, with the result that Lonesome Dove has been suspended by the Texas Secretary of State.

D.  The Lansdales, as the owners of all of the outstanding stock of Lonesome Dove, intend to reorganize and move Lonesome Dove into California for ease of operation.

1

E.   On December 2, 1998, Plaintiff filed an action in the District Court of the Virgin Islands, Division of St. Thomas and St. John, entitled Government of the Virgin Islands, Bureau of Internal Revenue v. William M. Lansdale, Marianthi Lansdale, La Isla Virgen, Inc., Marina Pacifica Oil Company, and Lonesome Dove Petroleum Company, Civil No. 1998-243-M/B (later renumbered 2001-1057-M/B) (the "Civil Action"). In the Civil Action, Plaintiff has sued the Lansdales in their capacity as shareholders, alleging certain alter ego and other theories which, if proved, might expose the Lansdales to liability for some or all of the Tax Debt.

F.   Plaintiff also sued Chase Manhattan Bank (the "Bank") pursuant to litigation entitled Government of the Virgin Islands, Bureau of Internal Revenue v Chase Manhattan Bank, Civil No.1993-093 (the "Chase Litigation"). In the Chase Litigation, Plaintiff makes claims based on actions taken by the Bank relating to the Tax Debt. In the Chase Litigation, the Bank has cross-complained against the Lansdales.

G.   Pursuant to court order in the Civil Action, the Defendants and Plaintiff participated in a mediation conducted by the Honorable George Eltman ("Eltman") in Long Beach, California on October 24 and 25, 2002. Eltman conducted the mediation based, in part, upon the provisions of declarations ("the Declarations"), dated October 23, 2002, executed by each of the Lansdales and delivered to Eltman.

H.   At that mediation, Plaintiff and Defendants, having concluded to resolve all claims that each had against the other, executed a Mediation Settlement Agreement, which contains the essence of the agreement reached by the parties. This Final Settlement Agreement is the document referred to in the Mediation Settlement Agreement as the "Final Agreement."

I.   This Final Settlement Agreement and the Guarantees and Obligations contained herein, shall be binding on Plaintiff, Defendants and the Lansdale Family Trust and on their respective affiliates, representatives, agents, attorneys, directors, transferors, transferees, predecessors, successors, trustees, beneficiaries, estates, heirs and assigns.

NOW THEREFORE, the parties hereby agree as follows.

1.   <u>Lonesome Dove's Obligations.</u>

   1.1 <u>Payment Obligation.</u> Lonesome Dove will pay to Plaintiff the total sum of Six Million, Five Hundred Thousand Dollars ($6,500,000) (the "Settlement Amount") in the amounts

2

and pursuant to the following schedule.

    a.    $2,000,000 no later than 30 days from the date hereof, subject, however, to the terms of Section 3.1 below;

    b.    $750,000 no later than twelve (12) months from the anniversary date of this agreement;

    c.    such amount of the Settlement Amount (the "Principal") as remains after payment of the items described in Sections 1.1(a) and (b) hereof, at the rate of $15,000 per month commencing with the sixth month following the payment described in Section 1.1(a) hereof until the full amount of the unpaid principal together with interest, commencing as of the date of this Agreement, at a rate six and three-quarters percent (6.75%) per annum on the unpaid Principal, as it may be from time to time, is paid in full. The Principal and all accrued interest shall be paid no later than the 4th anniversary of the date of this Agreement. The Lansdales reserve the right to prepay the Principal at any time without penalty.

    d.    all amounts shall be paid pursuant to this Agreement on or before the due date (including the amounts due under section 1.1 hereof and the proceeds received from the sale of the non-liquid assets now held by Lonesome Dove pursuant to Section 3.1 hereof) shall be paid by check payable to Plaintiff and shall be delivered to the law offices of Hymes & Zebedee, St. Thomas, USVI.

1.2 Collateral: Lonesome Dove will secure its obligations hereunder by causing to be issued to Plaintiff the following collateral.

    a.    a security interest in all assets of Lonesome Dove; and

    b.    a deed of trust on the personal residence located at 350 Ocean Avenue in Seal Beach, California in a form and fashion satisfactory to Plaintiff and adequate to secure payment of at least $2,000,000 of the amount set forth in Section 1.1. herein. At Lansdale's request,

3

Plaintiff will subordinate the lien of the deed of trust to a refinancing of $1.75 million or to a second trust deed of $750,000.

c. a security interest in such assets as are owned by the Lansdales, the Lansdale Family Trust and/or entities in which the Lansdales have an interest and which are identified in the Declarations as Plaintiff may select, so long as the value of such assets (as set forth in the Declarations) in which Plaintiff has a security interest does not exceed the unpaid amount of the Settlement Amount, as it may be from time-to-time.

2. Defendants' Obligations.

2.1 Funding Obligation: The Lansdales, as the shareholders of Lonesome Dove, covenant and agree that they will take any and all steps which may be necessary or appropriate to fund Lonesome Dove with sufficient assets (including cash) of sufficient value to allow Lonesome Dove to timely meet all of its obligations set forth in this Final Agreement.

2.2 Guaranty: The Lansdales will provide to Plaintiff a guarantee in a form and fashion satisfactory to Plaintiff which, jointly and severally, unconditionally and irrevocably guarantees to Plaintiff the prompt payment of each and every installment due from Lonesome Dove as set forth in Section 1.1 (the "Lansdales' Guarantee"). Upon Lonesome Dove's failure to make any payment in a timely manner, the Lansdales' Guarantee shall require the Lansdales, upon demand, to unconditionally and immediately make such payment to Plaintiff. The obligations of each of the Lansdales hereunder are in addition to any other obligations of the Lansdales under any other provisions of this Final Agreement. In addition and separate and apart from the Lansdales' Guarantee, the Lansdale Family Trust will provide to Plaintiff a guarantee in a form and fashion satisfactory to Plaintiff which unconditionally and irrevocably guarantees to Plaintiff the prompt payment of each and every installment from Lonesome Dove as set forth in Section 1.1 (the "Lansdale Family Trust Guarantee"). Upon Lonesome Dove's failure to make any payment in a timely manner, the Guarantee of the Lansdale Family Trust shall require the Lansdale Family Trust, upon demand, to unconditionally and immediately make such payment to Plaintiff. The obligations of the Lansdale Family Trust hereunder are in addition to any other obligations of the Lansdales

4

under any other provision of this Final Agreement.

   2.3  Agreed Judgment in the Civil Action and Default: Lonesome Dove and each of the Lansdales and The Lansdale Family Trust will execute a final judgment ("the Agreed Judgment") against them jointly and severally in favor of Plaintiff in the amount of

"$_____ (but in any event not to exceed $6.5 million plus interest as set forth in  Section 1.1(c))".

The Agreed Judgment will be held by Eltman and shall be fully executable within any state of the United States or any country in the world.

   If there is a default under this Final Settlement Agreement by Defendants and/or the Lansdale Family Trust, Plaintiff must provide written notice of the default to Defendants and the Lansdale Family Trust, together with a specific description of the default. The Defendant which (or who) is in default will then have 10 days (if the default is a money default) or 30 days (if the default is a non-money default) to cure the default. If, however, the Defendants or any one of them, objects to Plaintiff's actions or claims, the Defendants or any one of them, may submit to Plaintiff and the Arbitrator named below a written demand for arbitration within fourteen (14) days of the written notice of default. Upon submission of such demand, the provisions of Article 6 below shall then apply, although the provisions of section 6.5 are hereby expanded to allow the Arbitrator to issue an award ordering that (i) the amount due (that is, the Principal Amount plus accrued interest minus all amounts paid hereunder) be inserted in the blank portion of the Agreed Judgment and (ii) that the completed Agreed Judgment be filed with the appropriate court or courts. In reaching the decision to issue such an award, the Arbitrator will consider, among other factors, the severity of the breach, the good (or bad) faith of the Defendants in causing whatever breach Plaintiff demonstrates occurred, the damage done to Plaintiff by the breach and such other factors as the Arbitrator deems relevant.

   If the Defendants and/or the Lansdale Family Trust have not commenced to cure the claimed default or have not served the required written request for arbitration within fourteen (14) days after receiving a written notice of default, the Agreed Judgment with the amount due to be inserted by the Arbitrator will be released to Plaintiff by the Arbitrator.

   The Agreed Judgment shall be released to the Defendant (or any one of them) within ten (10) days of Defendant paying the full Settlement Amount.

5

2.4    **The Declarations:** The Lansdales shall, immediately upon execution hereof by all of the parties hereto, instruct Eltman to release the Declarations to Plaintiff. For a period of 90 days (the "Investigation Period") after execution of this Agreement, Plaintiff may (and the Lansdales will fully cooperate with) conduct such independent and professional examination as it wishes of the Lansdales' assets, their value as of the date of the mediation, and any tracing of assets believed formerly to have been in the Lansdales' control. Plaintiff, upon demand made within such 90 days, will be entitled to any material asset (that is, an asset the value which Plaintiff establishes is in excess of $10,000) that Plaintiff's investigation discloses was not listed in the Declarations which should have been in order to comply with the terms of the Declarations. Such asset will not be treated as a payment of any amount owed pursuant to this Final Agreement.

2.5    **Substitute for Cash:** During the Investigation Period, Plaintiff may demand title to any non-liquid asset listed in the Declarations (the value of which is listed in the Declarations as in excess of $10,000), with which demand the Lansdales will comply. Upon transfer of such asset to Plaintiff, Lonesome Dove will be credited as having paid an amount to Plaintiff equal to the value of that asset as set forth in the Declarations.

2.6    **Sale/Transfer of Assets Listed in Declaration:** Plaintiff shall receive notice at least ten (10) days prior to the sale and/or transfer of any asset in excess of $10,000.00 listed in the Declarations and shall be entitled to the entire proceeds (net of any debt as of the date of this Agreement and costs and expenses of sale) of any sale or transfer until the full settlement amount is satisfied. The Lansdales, however, may retain up to but not exceeding $300,000 from the net proceeds which may be received from the sale of the personal residence described in Section 1.2(b) above.

2.7    **Refund Representation:** Defendants and the Lansdale Family Trust agree that they are not entitled to any type of refund from the USVI as a result of this settlement or the structure of this settlement agreement.

3.    **Plaintiff's Obligations.**

3.1    **Receivership:** Plaintiff will promptly request the Receiver to file a final accounting; request, with Plaintiff's full cooperation and support, that the Court discharge the Receiver; and authorize Receiver to return full control of Lonesome Dove to the Lansdales along

6

with all corporate records (financial and otherwise) of Lonesome Dove. The Lansdales will immediately thereafter cause Lonesome Dove to use its best efforts to sell all non-liquid assets owned by Lonesome Dove within sixty (60) days of the transfer date for the highest price available in the market with the sale price being subject to the approval of the Plaintiffs. All proceeds from the asset liquidation shall be paid to Plaintiff and shall not be credited toward any amount set forth in Section 1.1 hereof. If the Receiver is not discharged by the deadline set forth in Section 1.1(a) hereof, the Lansdales will make the therein described payment into an escrow account to be created by the Lansdales with approval of Plaintiff. The funds in the escrow account shall be released to Lonesome Dove within seven (7) days of return of control of Lonesome Dove to the Lansdales which funds Lonesome Dove will cause to be immediately delivered to the law firm of Zebedee & Hymes by check payable to Plaintiff as provided herein.

   3.2 <u>Dismissal</u>: Upon receipt of payment in full as set forth in Section 1 above, Plaintiff will cause a stipulation for dismissal, with prejudice, to be filed with the Court in a form acceptable to counsel for Plaintiff and Defendants. Such dismissals, however, shall not, in any manner, affect the claims of Plaintiff against Chase Manhattan Bank.

   4.  <u>Allocation.</u> All payments made by Lonesome Dove pursuant hereto are to be credited against interest accrued hereunder on the Settlement Amount, and thereafter, first against the tax due by Lonesome Dove to Plaintiff, next against any interest which may be due, and finally against any penalty which has been assessed.

   5.  <u>Release.</u>

   5.1 <u>In General</u>: In consideration of the terms, provisions, covenants and agreements contained in this Agreement, concurrent with the execution hereof, the Plaintiff, on the one hand, and the Defendants, on the other hand, on behalf of themselves, and their respective affiliates, representatives, agents, insurers, attorneys, transferors, transferees, predecessors, successors, heirs and assigns, hereby voluntarily, irrevocably, unconditionally and fully release and forever discharge the other and each of their respective predecessors, successors, parent corporations, subsidiary corporations, affiliates, shareholders, transferors, transferees, insurers, assigns, agents, directors, officers, employees, representatives, heirs, attorneys and all persons acting through, by, under, or in concert with any of the above, from any and all taxes, complaints, claims, demands, liens,

7

assessments, penalties, interest, agreements, contracts, warranties, covenants, actions, suits, causes of action, obligations, controversies, debts, costs, expenses, accounts, damages, judgements, orders, rights and liabilities of whatever kind, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, liquidated or unliquidated, and whether at law, equity or otherwise, of whatever kind or nature in any way based on, arising out of or related to or connected with the income, expenses, or actions of Lonesome Dove, no matter when earned or taken, and past actions, omissions, obligations or duties of any Party hereto with respect thereto, with the sole exception of rights, obligations and claims arising out of this Agreement.

It is the intention of the Parties in executing this Agreement that it shall be effective as a full and final accord and satisfactory release of each and every matter specifically or generally referred to as released in this Agreement. This release shall not affect the unrelated obligations to or from the Government of the Virgin Islands and Watts & Benham, P.C. and Frederick G. Watts and Dudley Topper & Feuerzeig, LLP and Gregory H. Hodges.

5.2   Section 1542 Waiver. Each party hereto acknowledges that it is familiar with Section 1542 of the Civil Code of California, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Each of the parties hereto waives and relinquishes any rights and benefits which it, he or she has or may have under Section 1542 of the Civil Code of California, as well as any other statute, law, or rule of similar effect, to the fullest extent that it, he or she may lawfully waive all such rights and benefits of each and every matter specifically or generally referred to as released in this Agreement. Each party represents that it, he or she has received the advice of its, his or her respective legal counsel and understands and acknowledges the significance and consequence of this specific waiver of Section 1542. Each party acknowledges that it, he or she is aware that it, he or she may hereafter discover facts in addition to or different from those which it, he or she now knows or believes to be true with respect to the matters specifically or generally referred to as released in this Agreement,

8

but it is the intention of the Parties hereto to fully and finally settle and release any and all matters, disputes and differences, known and unknown, suspected and unsuspected, which do now exist or heretofore have existed between them, and that in furtherance of this intention, the releases herein given shall be and remain in effect as full and complete general releases with respect to each and every matter specifically or generally referred to as released in this Agreement notwithstanding discovery or existence of any such additional or different facts.

This release, however, shall not in any manner affect the claims of Plaintiff against Chase Manhattan Bank and shall not in any manner entitle Chase Manhattan Bank to any claim of set-off.

6. <u>Dispute Resolution.</u>

6.1 <u>Arbitration:</u> Any controversy, claim or dispute between the parties hereto or the breach thereof which arises out of or relates to this Agreement, the claims or assessments on which any litigation described or referred to herein is based, any resulting transaction or the breach, termination, enforcement, interpretation or validity hereof, including the interpretation, scope or applicability of this dispute resolution clause, shall be resolved and determined solely by arbitration in accordance with the Commercial Rules of the American Arbitration Association and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

6.2 <u>Arbitrator:</u> Eltman shall be the sole arbitrator.

6.3 <u>Location:</u> The arbitration shall be conducted at such location as the Arbitrator shall select within the 48 contiguous states and shall be completed within sixty (60) days of the arbitration notice submitted to Eltman unless otherwise agreed to by the parties.

6.4 <u>Discovery:</u> The parties shall have the right to discovery as ordered by the Arbitrator only to the extent he determines is necessary to allow him to fully understand the issues and facts related to the dispute or as the Arbitrator may otherwise determine is in the interests of justice.

6.5 <u>The Award:</u> In rendering the award, the arbitrator shall determine the rights and obligations of the parties according to the substantive and procedural laws of the United States Virgin Islands. The award must be based on and accompanied by, a written statement of decision (to be considered as a component of the award) explaining the factual and legal basis for the award as to each of the principal controverted issues at the hearing. The award shall be conclusive and

9

binding, as to the facts so found, and may thereafter be conformable and entered as a judgment by the applicable court of such jurisdiction. All decisions of the arbitrator shall be final, binding and conclusive on all parties, and shall constitute the only method of resolving disputes or matters subject to arbitration pursuant to this Agreement.

7. <u>Interpretation:</u> This agreement has been negotiated at arm's length and between persons sophisticated and knowledgeable in the matters dealt with in this agreement. In addition, each party has been represented by and has consulted with experienced and knowledgeable legal counsel. Accordingly, any rule of law or legal decision that would require interpretation of any ambiguities in this agreement against the party that has drafted it is not applicable and is waived. The provisions of this agreement shall be interpreted in a reasonable manner to effect the purpose of the parties and this agreement. The captions and headings in this Agreement are for convenience only and shall not be referred to for purposes of construing the provisions hereof.

8. <u>Attorneys' Fees:</u> If either party brings any proceeding against the other arising out of or in any manner related to an alleged breach of this Agreement, the prevailing party shall be entitled to recover as an element of its costs of suit, and not as damages, reasonable attorneys' fees to be fixed by the arbitrator. The "prevailing party" shall be the party, who the arbitrator finds is entitled to recover its cost of the proceeding.

9. <u>Notices:</u> All notices, requests, demands and other communications under this Agreement shall be in writing and shall be deemed properly given when served personally on the party to whom notice is to be given, or when received by the addressee by registered or certified mail, postage prepaid and addressed and/or faxed to the party at the address set forth below:

<u>If to Plaintiff:</u>

Iver Stridiron, Attorney General

Virgin Islands Department of Justice

48B-50C (8050) Kronprindsens Gade

St. Thomas, V.I. 00802

with a copy to

John A. Sopuch III, Esq.

Sopuch Arnett Higgins & Gaubert, L.L.P.

10

4650 Trammell Crow Center

2001 Ross Avenue

Dallas, Texas 75201

<u>If to Lonesome Dove</u>

Lonesome Dove Petroleum Co.

c/o William M. Lansdale

P.O. Box 27

Seal Beach, California 90740

with a copy to

Rufus v. Rhoades

P.O. Box 7068

Pasadena, California 91109-7068

<u>If to William M. Lansdale or Marianthi K. Lansdale or the Lansdale Family Trust</u>

William M. Lansdale

Marianthi K. Lansdale

The Lansdale Family Trust

P.O. Box 27

Seal Beach, California 90740

with a copy to:

Rufus v. Rhoades

P.O. Box 7068

Pasadena, California 91109-7068

10. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

11. <u>Counsel's Opinion</u> Within 10 days of the date hereof, Plaintiff will cause its counsel, Sopuch Arnott Higgins & Gaubert, L.L.P., to issue to the Lansdales a opinion letter that Iver Stridiron is the duly *elected and* currently constituted Attorney General of the United States Virgin Islands and that he, as the Attorney General, has full and complete authority to execute this

[handwritten margin note: "NOTE!!" with arrow; and "APPOINTED" handwritten correction]

11

Agreement and that this Agreement, when so executed, is binding upon and enforceable against the United States Virgin Islands. Plaintiff hereby represents to Defendants that its counsel has agreed to timely issue that opinion.

**PLAINTIFF**

The Government of the Virgin Islands, Bureau of Internal Revenue

By_____
  Ivar Stridiron

**DEFENDANTS**

Lonesome Dove Petroleum Co.

By _William M. Lansdale_____
   William M. Lansdale

The Lansdale Family Trust,

By _William M. Lansdale_____
   William M. Lansdale, Trustee

_William M. Lansdale_____
William M. Lansdale

_Marianthi K. Lansdale_____
Marianthi K. Lansdale

12

Agreement and that this Agreement, when so executed, is binding upon and enforceable against the United States Virgin Islands. Plaintiff hereby represents to Defendants that its counsel has agreed to timely issue that opinion.

| PLAINTIFF | DEFENDANTS |
|---|---|
| The Government of the Virgin Islands, Bureau of Internal Revenue | Lonesome Dove Petroleum Co. |
| By _____ Iver Stridiron  11/15/02 | By _____ William M. Lansdale |
|  | The Lansdale Family Trust, |
|  | By _____ William M. Lansdale, Trustee |
|  | _____ William M. Lansdale |
|  | _____ Marianthi K. Lansdale |

12

*NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.*

## PROOF OF SERVICE OF DOCUMENT

*I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 SANTA MONICA BLVD., SUITE 1100, LOS ANGELES, CA 90067*

*A true and correct copy of the foregoing document described as **DECLARATION OF WILLIAM LANSDALE** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:*

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – *Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 23, 2009**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:*

☒    *Service information continued on attached page*

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** *(indicate method for each person or entity served):* *On **November 23, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Via Federal Express**
Honorable Erithe Smith
411 W. 4th Street
Santa Ana, CA 92701-4593

☒    *Service information continued on attached page*

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** *(indicate method for each person or entity served):* *Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 23, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Joanne Bozzuto, Esq. – jbozzuto@doj.vj.gov
Maria T. Hodge, Esq. – maria@hodgefrancois.com

☐    *Service information continued on attached page*

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

| | | |
|---|---|---|
| *November 23, 2009* | Rolanda Mori | */s/ Rolanda Mori* |
| | | *Signature* |

I. *TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")*

United States Trustee (SA), ustpregion16.sa.ecf@usdoj.gov

II. *SERVED BY U.S. MAIL*

Debtor
William M. Lansdale
350 Ocean Avenue
Seal Beach, CA 90740

U.S. Trustee
Office of the U.S. Trustee
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-4593

**Secured Lenders**

Indymac Bank
PO Box 4045
Kalamazoo, MI 49003

JP Morgan Chase & Co
Attn: Legal Department
270 Park Avenue, 38th Floor
New York, NY 10017

**20 Largest Unsecured Creditors**
Joanne Bozzuto
VIBIR c/o Joanne E. Bozzuto
VI Department of Justice
GERS Complex, 2nd Floor
St Thomas, VI 00802

Rufus Rhoades
350 West Colorado Blvd
Suite 500
Pasadena, CA 91109

Mary Lou Narz
16222 Monterey Lane
Space 296
Huntington Beach, CA 92649

Carol A Rich (attorney for JP Morgan Chase)
c/o Dudley Clark & Chan LLP
9720 Estate Thomas (Havensight)
St. Thomas, V.I. 00802

Bradley Allen Scherer
4656 South Shore Blvd
West Palm Beach, FL 33414

Credit Department
Tiger Cased Hole-Services Inc
PO Box 91535
Long Beach, CA 90809

Credit Department
Anterra Energy Services Inc
2221 Sturgis Road, Suite E
Oxnard, CA 93030

Margaret Galbraith
Margaret Galbraith Escrow Agent
Karl and Tina Rodi Family Trust
2600 Mission Street
San Marino, CA 91108

John M. Phillips
John M Phillips Oilfield Equipment
2755 Dawson Ave
Signal Hill, CA 90755

Wayne Andrew Fenner Mullin
13331 Moorpark Street\, #233
Sherman Oaks, CA 91423

John Mullin
2033 Monterey Road
South Pasadena, CA 91030

Credit Department
TMG Transportation
PO Box 5547
Fullerton, CA 92838

Credit Department
H&H Casing Services
PO Box 129
Cypress, CA 90630
Whittier, CA 90603

Margaret Scherer
417 Primavera Way
Palm Beach, FL 33480

Margaret Galbraith
2600 Mission Street, #200
San Marino, CA 91108

51372-002\DOCS_LA:211450.1                2

Lucy Lyons
929 La Salle
Louisville, CO 80027

Credit Department
Affordable Tank Rentals
3806 Madonna Drive
Fullerton, CA 92835

John Guzman
John Guzman Crane Service
24824 Seagrove Ave
Wilmington, CA 90744

Glenarvon Behymer Jr
3316 North Elm Place
Bethany, OK 72008

Arvonne Degenfelder
2422 Duraznitas Place
Ramona, CA 92065

**Other Interested Parties**

Bart F Higgins
Special Assistant Attorney General
Shields Britton & Fraser PC
5401 Village Creek Drive
Plano, TX 75093

Boyd L. Sprehn
Law Offices of John H. Benham PC
PO Box 11720
St Thomas, VI 00801

Darby N. Moses & Associates
PO Box 280186
Denver I CO 80228

Gibbons PC
One Gateway Center
Newark, NJ 07102

Internal Revenue Service
Chief SPS
Mercantil Plaza Building
2 Avenue Ponce de Leon Ave Ste 914
San Juan, PR 00818-1693

Iver Stridiron Attorney General
Virgin Islands Dept of Justice
48B-50C (8050) Kronprindsens Gade
St Thomas, VI 00802

James L Hymes III
Special Assistant Attorney General
Hymes & Zebedee PC
No. 10 Norre Gade Third Floor
St Thomas, VI 00804

c/o Carol A Rich
Dudley Clark & Chan LLP
9720 Estate Thomas (Havensight)
St Thomas, VI 00802

JP Morgan Chase & Co.
c/o Lawrence M Hill Esq.
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019

Julie Beberman
Chambers of the Hon Raymond Finch
3013 US District Court
3013 Estate Golden Rock
Christiansted, VI 00820

Maria Hodge
Hodge & Francois
1340 Taarneberg
St Thomas, VI 00802

Marianthi Lansdale
350 Ocean Avenue
Seal Beach, CA 90740

VI Bureau of Internal Revenue
Attn Director
9601 Estate Thomas
St Thomas, VI 00802

VI Bureau of Internal Revenue
Attnf Tamarah Parson-Smalls,
9601 Estate Thomas
St Thomas, VI 00802

Vincent Frazer Attorney General
Virgin Islands Dept of Justice
4SB-50C (S050) Kronprindsens Gade
St Thomas, VI 00S02