BLUE SCHOOR & DIEHL LLP
CHARLES D. SCHOOR, State Bar No. 67446
Email: cschoor@bluelaw.net
LAUREN T. DIEHL, State Bar No. 108298
Email: ldiehl@bluelaw.net
350 South Grand Avenue, Suite 3500
Los Angeles, California 90071
Telephone: (213) 625-5995
Facsimile: (213) 625-5996

Attorneys for Creditors Brad Scherer and Margaret Scherer

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:09-22982-ES |
| WILLIAM M. LANSDALE, | Chapter 11 |
| Debtor. | CONDITIONAL OBJECTIONS AND REQUEST FOR CONTINUANCE RE MOTION FOR ORDER AUTHORIZING THE USE OF ESTATE FUNDS PURSUANT TO A BUDGET AND WAIVING RULE 6004(H) |
| | Date: December 15, 2009<br>Time: 10:30 a.m.<br>Place: Courtroom 5A<br>Judge: The Honorable Erithe Smith |

These Conditional Objections and Request for a Continuance referring to the Motion for Order Authorizing the Use of Estate Funds Pursuant to a Budget and Waiving Rule 6004(H) (the "Motion") are filed on behalf of Brad Scherer and Margaret Scherer (collectively, "the Scherers"). The Scherers are scheduled by debtor William M. Landsdale ("Debtor") as unsecured creditors. They receive oil and gas royalty payments from The Landsdale Company and administer the royalty payments for other family members.

- 1 -

CONDITIONAL OBJECTIONS AND REQUEST FOR CONTINUANCE
C:\Documents and Settings\Lauren T. Diehl\My Documents\09-1202-Final conditional objection and request for continuance.doc

The Scherers conditionally object to the Motion on several grounds, including: 1) the Scherers did not have sufficient time in which to research and respond to the Motion; and 2) the Motion contains insufficient information to enable parties in interest to analyze and understand the Debtor's estate and the relief requested in the Motion.

I. PARTIES IN INTEREST HAD INSUFFICIENT TIME IN WHICH TO RESPOND TO THE MOTION.

The moving papers were served on creditors by mail on Wednesday, November 23, the day before Thanksgiving. Due to the intervening holidays, the Scherers did not receive the papers until Monday, November 30, the day before the deadline for opposing the Motion. The Scherers then sought to retain legal representation.

Given the complexity of the facts and issues presented by the Motion and the unavailability of information necessary to analyze the assets and liabilities of the estate, the Scherers are unable to undertake an analysis of the reasonableness of the requested relief or its impact on creditors.

Consequently, the Scherers request that the Court continue the hearing to allow the Debtor to provide additional documentation and to allow the parties in interest time to review relevant documents, make inquiry, and determine whether the relief requested is in the best interest of the creditors and the estate. Alternatively, if the Order will require full payment of all post-petition royalties and an accounting of the same, the Scherers request that the Court grant relief on an interim basis, and schedule a hearing in the future to determine if its interim order should become final.

II. THE MOTION AND DECLARATION CONTAIN INSUFFICIENT INFORMATION TO ENABLE PARTIES IN INTEREST TO ANALYZE AND UNDERSTAND THE DEBTOR'S ESTATE AND THE RELIEF REQUESTED.

Despite the lengthy declaration supporting the Motion, creditors have been provided insufficient information about the Debtor's estate to allow them to make a considered determination whether the relief requested in the Motion is in the best interests of the estate.

Specifically, the Scherers require information and documentation concerning the following issues:

1) The Debtor should provide evidence that the oil interests and leases subject to the Scherers' royalties are property of the Debtor's estate, including copies of the leases and deeds reflecting same?

2) What are the Debtor's sources of income? How much of the income is derived from oil and gas operations, and what other income sources are assets of the estate? What is the average monthly income of the estate?

3) Does the Debtor propose to pay all post-petition royalty payments in their entirety when they are due? If so, why did he budget $21,000 for royalty payments, when recent royalty payments have far exceeded that amount? If not, does he intend to use the royalty funds to defray the estate's other expenses?

4) Has the Debtor or The Landsdale Company paid all real estate and other taxes required by the leases? Will those taxes continue to be paid in full?

5) What support does the Debtor have for the expenditure figures contained in the proposed budget?

6) A schedule of prepetition unsecured debt amounts.

7) A schedule of legal and accounting expenses as part of Debtor's budget.

In summary, the Scherers respectfully request that the Court continue the hearing on the Motion to provide the Scherers time to obtain the information and documentation required to enable them determine the reasonableness of the relief requested by the Debtor. Alternatively, the Scherers ask the Court to issue only an interim order authorizing payments pursuant to the proposed budget,

- 3 -

except with an additional requirement that the Debtor pay all post-petition royalties and provide for an accounting of the same. This would allow the parties in interest the opportunity to research and analyze the estate's assets and operations, and assess the accuracy of the proposed budget. At a later date, the Court could determine whether its order should become final.

Dated: December 2, 2009

CHARLES D. SCHOOR
LAUREN T. DIEHL
BLUE SCHOOR & DIEHL LLP

BY      /s/ Lauren T. Diehl
Lauren T. Diehl
Attorneys for Creditors
Brad Scherer and Margaret Scherer

- 4 -

CONDITIONAL OBJECTIONS AND REQUEST FOR CONTINUANCE
E:\Cases\Scherer re Landsdale bankruptcy\Pleadings\09-1202-Final conditional objection and request for continuance.doc

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 350 South Grand Avenue, Suite 3500, Los Angeles, CA 90071

A true and correct copy of the foregoing document described as <u>CONDITIONAL OBJECTIONS AND REQUEST FOR CONTINUANCE RE MOTION FOR ORDER AUTHORIZING THE USE OF ESTATE FUNDS PURSUANT TO A BUDGET AND WAIVING RULE 6004(H)</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 2, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
Office of the United States Trustee; ustpregion16.sa.ecf@usdoj.gov
Jeffrey Pomerantz; jpomerantz@pszjlaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On December 2, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Hon. Erithe Smith, U.S. Bankruptcy Judge
411 W. 4th Street
Santa Ana, CA 92701-4593

Office of the U.S. Trustee
411 W. 4th Street, Suite 9041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 2, 2009 | Lauren T. Diehl | /s/ Lauren T. Diehl |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**